IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTHUR CHANEY, #Y16794, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19−cv–00357−SMY |
| | ) |
| C/O WALL, | ) |
| MEDICAL TECHNICIAN LANG, | ) |
| MEDICAL TECHNICIAN RAYBURN, | ) |
| DR. SIDDIQUI, | ) |
| CHAD FRIERDICH, | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, and | ) |
| WARDEN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Arthur Chaney, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs when they denied and delayed the disbursement of his pain medication. He requests money damages and injunctive relief.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): In October 2018, Plaintiff was admitted to an outside hospital on two separate occasions because of his pain. (Doc. 1, pp. 5, 7). On October 11, 2018, prior to his first hospital visit, Plaintiff requested his pain medication from Corrections Officer Wall, but never received it. *Id.* at p. 6. On another occasion, following his second discharge from the hospital, he requested his medicine from Nurse Rayburn around 8 or 9 p.m., but did not receive it for almost two hours. The next day, Plaintiff requested his medicine from Medical Technician Amy Lang around 11 p.m. and did not receive it until 2:40 a.m. *Id.* at pp. 5-7. On November 2, 2018, Plaintiff requested his medication twice and it never came. *Id.* at p. 7.

Based on the allegations in the Complaint, the Court designates a single claim:

**Count 1:** Eighth Amendment deliberate indifference claim against Wall, Lang, and Rayburn for refusing or failing to provide Plaintiff his pain medication when requested.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Preliminary Dismissals

Plaintiff lists Dr. Siddiqui and Chad Frierdich among the defendants, but makes no allegations against either of them in the body of the Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *See Bell Atlantic Corp.*, 550 U.S. at 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendants Dr. Siddiqui and Frierdich will be dismissed from this action without prejudice.

Additionally, Plaintiff cannot maintain his claims against the Defendant Illinois Department of Corrections. Not only does he not make any allegations against IDOC, but it is a state governmental agency which cannot be sued for money damages. See, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). For these reasons, IDOC will be dismissed from this case with prejudice.

Finally, the Court notes that although Plaintiff does not mention the Warden of Menard in the body of the Complaint, the Warden is an appropriate official capacity defendant with respect to Plaintiff's request for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011); (Doc. 1, p. 3). Accordingly, "Warden" will remain on the docket as an official capacity defendant.

## Discussion

### Count 1

"Delaying treatment may constitute deliberate indifference if such delay 'exacerbated the injury or unnecessarily prolonged an inmates' pain.'" *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012)) (quoting *McGowan v. Hulick,* 612 F.3d 363, 640 (7th Cir. 2010)). Therefore, Plaintiff has sufficiently stated a deliberate indifference claim against Defendants Wall, Lang, and Rayburn as he alleges treatment of his pain was delayed and at times denied resulting in additional pain, suffering, and mental anguish.

### Motion to Appoint Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating test for recruiting counsel). Plaintiff lists

five law firms that he has contacted in an attempt to obtain counsel. However, he has not provided the Court with copies of the letters or written responses. Accordingly, he has not demonstrated reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se,* other than claiming that he is has filed a Motion to Proceed *in forma pauperis* and he has not been previously represented by court appointed counsel, Plaintiff does not include any reasons for why he is not competent to litigate this matter without representation. The claim in this case is straightforward and Plaintiff appears competent to litigate this matter without representation at this time. The Court will remain open to appointment of counsel as the case progresses.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**.

**IT IS FURTHERED ORDERED** that, for the reasons stated, all claims against Defendants **Siddiqui** and **Frierdich** are **DISMISSED without prejudice** and the claims against the **Illinois Department of Corrections** are **DISMISSED with prejudice.** The Clerk of Court is **DIRECTED** to terminate **Siddiqui, Frierdich**, and **Illinois Department of Corrections** in the Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that **COUNT 1** shall proceed against **Wall, Lang,** and **Rayburn**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Wall, Lang, Rayburn,** and the **Warden of Menard** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court

4

will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

This entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission

of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/8/2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**