IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARTHUR CHANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-357-DWD |
| | ) | |
| KYLE WALL, | ) | |
| AIMEE LANG, | ) | |
| CHRISTI RAYBURN, and | ) | |
| FRANK LAWRENCE | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Arthur Chaney, an inmate in the custody of the Illinois Department of

Corrections, alleges that Defendants Kyle Wall, Aimee Lang, and Christi Rayburn were

deliberately indifferent to his serious medical needs because they refused or failed to

provide Chaney with pain medication in a timely manner when he requested it. Now

before the Court is a motion for summary judgment on the issue of exhaustion filed by

Defendants Wall and Rayburn (Doc. 18). For the reasons delineated below, Defendants'

motion is granted in part.

### FACTUAL BACKGROUND

At all times relevant to his complaint, Plaintiff Arthur Chaney was incarcerated at

Menard Correctional Center ("Menard"). He alleges that he was admitted to an outside

hospital due to pain on two occasions in October 2018. On October 11, 2018, before either

hospital admission, Chaney asked Defendant Kyle Wall, a correctional officer at Menard,

for help securing pain medication. Wall allegedly told him that he could not help him right away, but Chaney asked Wall to call someone to bring the medication. Wall told Chaney that he could not call because he had to follow a chain of command. Wall said he would tell the sergeant so that the sergeant could call. Wall returned later and, when Chaney asked if he'd called for the medication, Wall said he told the sergeant about Chaney's request. Chaney did not receive his pain medication as requested.

After his second discharge from the hospital on October 30, 2018, Chaney alleges that he asked Defendant Christi Rayburn, a nurse in the healthcare unit at Menard, for his pain medication around 8:00 or 9:00 p.m. He claims that it took her almost two hours to give it to him. The next day, he asked Defendant Aimee Lang, a medical technician, for his pain medication, and Lang did not give it to him for over three hours.

Chaney's complaint references a grievance (#290-10-18) about the October 11, 2018 incident with Defendant Wall that he filed on October 13, 2018. A copy of the grievance was not attached to the complaint, nor was one attached to or mentioned in Chaney's response to Defendants' motion. It also does not appear in the records of the Administrative Review Board ("ARB"). The ARB records include a single grievance (#12-11-18) dated November 1, 2018, related to the denial of pain medication. The briefing by the parties only addresses this grievance.

In the November 1, 2018 grievance, Chaney explained that he was admitted to an outside hospital on October 24, 2018, and that he returned to Menard on October 30, 2018. He asked an unnamed nurse, who he described as working from 3:00 p.m. until 11:00 p.m. that day, for his pain medication around 8:00 or 9:00 p.m., but she sent him back to

the cellhouse without giving him his medication. She later came to his cell, woke him up, and gave him his medication before getting into an argument with him. An unnamed correctional officer stood by and looked at Chaney while the nurse yelled at him.

The grievance also described an encounter the next day with Defendant Aimee Lang. Chaney explained that Lang delayed Chaney's receipt of his pain medication for several hours that day. Chaney also mentioned that the other unnamed correctional officers in his cellhouse wouldn't help him when he asked for his pain medication. These officers told Chaney that they called the healthcare unit for him, but they couldn't make the healthcare staff come see him. Chaney did not include dates or times when he had these conversations with correctional officers, nor did he describe who they were or when they worked. Chaney named only one officer in the grievance, Officer Presswood, who he said went "beyond the call of duty" to help him. (Doc. 19-1, p. 4-5).

The November 1, 2018 grievance was marked as an emergency. The Chief Administrative Officer ("CAO") found that the matter was an emergency on November 5, 2018, and expedited review of the grievance. A grievance officer denied the grievance as moot on November 8, 2018, finding that Chaney was being "treated as medical professionals deem appropriate." (Doc. 19-1, p. 3). The CAO concurred in the denial on January 3, 2019. Chaney timely appealed the grievance to the ARB (*Id.*). On January 17, 2019, the ARB denied Chaney's appeal, finding that his complaints were handled appropriately by Menard officials. (Doc. 19-1, p. 2).

### LEGAL STANDARDS

Summary judgment is "proper if the pleadings, discovery materials, disclosures,

and affidavits demonstrate no genuine issue of material fact such that [Defendants are]

entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467

(7th Cir. 2010). Lawsuits filed by inmates are governed by the provisions of the Prison

Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). That statute states, in pertinent

part, that "no action shall be brought with respect to prison conditions under section 1983

of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted."

*Id.* (emphasis added).

Generally, the Court's role on summary judgment is not to evaluate the weight of

the evidence, to judge witness credibility or to determine the truth of the matter. Instead,

the Court is to determine whether a genuine issue of triable fact exists. *See Nat'l Athletic*

*Sportwear Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).  In *Pavey*, however, the

Seventh Circuit held that "debatable factual issues relating to the defense of failure to

exhaust administrative remedies" are not required to be decided by a jury but are to be

determined by the judge. *Pavey v. Conley*, 544 F.3d 739, 740-741 (7th Cir. 2008).

The Seventh Circuit requires strict adherence to the PLRA's exhaustion

requirement. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)(noting that "[t]his

circuit has taken a strict compliance approach to exhaustion"). Exhaustion must occur

before the suit is filed. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Plaintiff cannot

file suit and then exhaust his administrative remedies while the suit is pending. *Id.*

Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the

place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286

F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to use a prison's grievance process properly, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809.

In *Pavey*, the Seventh Circuit set forth procedures for a court to follow in a situation where failure to exhaust administrative remedies is raised as an affirmative defense. The Seventh Circuit stated the following:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Pavey*, 544 F.3d at 742.

As an inmate confined within the IDOC, Bentz was required to follow the regulations contained in the IDOC's Grievance Procedures for Offenders ("grievance procedures") to exhaust his claims properly. *See* 20 ILL. ADMIN. CODE § 504.800, *et seq*. The grievance procedures first require inmates to file their grievance with the counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). The

grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c). Grievances that are unable to be resolved through routine channels are then sent to the grievance officer. *See* 20 ILL. ADMIN. CODE § 504.820(a). The grievance officer will review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). "The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within two months after receipt of the grievance, when reasonably feasible under the circumstances." 20 ILL. ADMIN. CODE § 504.830(e). "The Chief Administrative Officer shall review the findings and recommendation and advise the offender of his or her decision in writing." *Id.*

If the inmate is not satisfied with the CAO's response, he or she can file an appeal with the Director through the ARB. *See* 20 ILL. ADMIN. CODE § 504.850(a). The grievance procedures specifically state, "[i]f, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision." 20 ILL. ADMIN. CODE § 504.850(a). The inmate shall attach copies of the Grievance Officer's report and the CAO's decision to his appeal. *Id.*

"The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." 20 ILL. ADMIN. CODE § 504.850(d). "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within six months after receipt of the appealed grievance, when reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." 20 ILL. ADMIN. CODE § 504.850(e).

The grievance procedures also allow an inmate to file an emergency grievance. *See* 20 ILL. ADMIN. CODE § 504.840. In order to file an emergency grievance, the inmate must forward the grievance directly to the CAO who may "[determine that] there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender [such that] the grievance [should] be handled on an emergency basis." 20 ILL. ADMIN. CODE § 504.840(a). If the CAO determines the grievance should be handled on an emergency basis, then the CAO "shall expedite processing of the grievance and respond to the offender indicating what action shall be or has been taken." 20 ILL. ADMIN. CODE § 504.840(b). If the CAO determines the grievances "should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." 20 ILL. ADMIN. CODE § 504.840(c). When an inmate appeals a grievance deemed by the CAO to be an emergency, "the Administrative Review Board shall expedite processing of the grievance." 20 ILL. ADMIN. CODE § 504.850(f).

## ANALYSIS

The Court has reviewed the record and the briefs submitted by the parties and

finds that an evidentiary hearing is not warranted. The parties agree that the November 1, 2018 grievance was exhausted fully and that it is the only grievance relevant to Plaintiff's claims. The issue is whether the grievance exhausted Plaintiff's claims against Defendants Wall and Rayburn, which does not require the Court to decide debatable factual issues.

Defendants concede that Chaney exhausted his claims against Defendant Lang, but Defendants Wall and Rayburn argue that Chaney did not exhaust his claims against them because they are not named in his grievance. An inmate is not required to provide personal notice to an individual defendant through his grievances. See *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011)(citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)(citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004))). Instead, the purpose of a grievance is to provide "prison officials a fair opportunity to address [an inmate's] complaints." *Id.*

When a staff member's name is not known, an inmate can exhaust his claims successfully by filing a grievance that provides sufficient descriptive language about the person in question and about the approximate date and time of the incidents grieved. *See* 20 ILL. ADMIN. CODE § 504.810(c). Chaney suggests that IDOC regulations were unfair because they required him to list Defendants' names, but that was not required of him at the time he filed his grievance. To exhaust his claims, his grievance simply must provide sufficient detail to allow prison officials to understand the nature and target of his complaints.

The November 1, 2018 grievance alleges conduct by an unnamed nurse who worked from 3:00 p.m. until 11:00 p.m. on or about October 30, 2018. The allegations

closely mirror Chaney's claims against Defendant Rayburn in this action, and the description of the unnamed nurse by job description and shift worked was sufficient to allow prison officials a fair opportunity to address Chaney's complaints. As such, the November 1, 2018 grievance exhausted Chaney's claims against Defendant Rayburn.

The November 1, 2018 grievance does not mention the claims Chaney brings against Defendant Wall in a manner that provided prison officials with the requisite notice. Chaney's allegations against Defendant Wall relate to Wall's conduct on October 11, 2018, but the grievance primarily addresses conduct on or after October 30, 2018. To the extent that the grievance mentions a general lack of action or concern demonstrated by correctional officers, it does not include in a clear manner the issues that Chaney had with Wall several weeks earlier. The grievance does not provide dates or times, or even a range of dates, when officers refused to help Chaney, nor does it describe the officers involved in a manner that provided prison officials with sufficient notice as to who they were or when they acted. Chaney's grievance describes individuals who told him that they called the healthcare unit but could not make the staff bring the medicine over, which is different in substance from his claims against Wall. Even taking a lenient view of Chaney's complaints about correctional officers in the grievance, it does not provide sufficient notice to prison officials about the issues pleaded against Defendant Wall in this action. As a result, the Court finds that the November 1, 2018 grievance does not exhaust Chaney's claims against Defendant Wall.

## CONCLUSION

For the above-stated reasons, Defendants' motion for summary judgment on the

issue of exhaustion (Doc. 18) is **GRANTED in part**. Plaintiff Arthur Chaney's claims

against Defendant Kyle Wall are **DISMISSED without prejudice** due to his failure to

exhaust administrative remedies prior to filing suit. Plaintiff's claims against Defendant

Christi Rayburn and Defendant Aimee Lang remain pending.

    **SO ORDERED.**

    Dated: November 24, 2020

                                                          _____

                                                       DAVID W. DUGAN
                                                       United States District Judge